# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 23, 2013

Lyle W. Cayce
Clerk

No. 12-51200
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YSAURO REYES-ORTIZ, also known as Jorge Rodas Cruz, also known as Felisiano Garcia Monpufur, also known as Felisiano Garcia Montufur, also known as Isauro Reyes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-230-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ysauro Reyes-Ortiz (Reyes) appeals the 12-month sentence imposed following the revocation of his supervised release. The district court ordered the revocation sentence, which was within the Guidelines and below the statutory maximum term of imprisonment, to run consecutively to the 24-month sentence imposed in Reyes's new illegal reentry case. Reyes argues that his revocation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence is greater than necessary to further the relevant 18 U.S.C. § 3553(a) factors of deterring future criminal conduct and protecting the public.

Because Reyes did not object to the reasonableness of his revocation sentence in the district court, review is for plain error. *United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Although in imposing a revocation sentence, the district court is directed to consider the relevant factors enumerated in § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines, *see United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994), the district court has "substantial latitude in devising revocation sentences for defendants who violate the terms of supervised release." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (internal quotation marks and citation omitted). Further, the imposition of a consecutive revocation sentence is both authorized by statute and preferred under the Guidelines. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f), p.s., & comment. (n.4). Reyes's disagreement with the propriety of the consecutively-imposed sentence is insufficient to show that the district court plainly erred in imposing the sentence or to overcome the presumption of reasonableness afforded to his within-guidelines revocation sentence. *See Puckett,* 556 U.S. at 135; *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (recognizing that the presumption of reasonableness afforded to within-guidelines sentences also applies to within-guidelines revocation sentences).

The judgment of the district court is AFFIRMED.